UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-10045-CR-MARTINEZ/SNOW

UNITED STATES OF AMERICA ,

    vs.

ALEXIS FERRO-PEREZ,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on CJA Voucher 133C.0523973 filed by counsel for the Defendant, Alexis Ferro-Perez, which was referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation on the appropriateness of the voucher. This was an alien-smuggling case in which the Defendant was the alleged ringleader. The case was resolved by plea of guilty on the eve of trial. The CJA voucher submitted by Mr. Arnoldo J. Suri claims a total of $16,978.76, which is exceeds the $10,000 "cap" for felonies at the trial level. An *ex parte* hearing on the appropriateness of the voucher was conducted on January 9, 2018.

The applicable guidelines are set forth in the Guide to Judiciary Policy, Vol. 7, Part A, Chapter 2, § 230.23.40. Subsection(a) of that provision authorizes payments in excess of CJA compensation maximums in cases involving extended or complex representation when so certified by the court or a U.S. magistrate judge and approved by the chief judge of the circuit (or his or her delegate). Subsection (b) states that a case is "extended" if "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." Subsection (c) sets forth the factors which the approving judicial officer may consider when determining if excess payment is necessary to provide fair compensation: (1) the responsibilities measured by the magnitude and importance of the case; (2) the manner in which duties were performed; (3) the knowledge, skill efficiency, professionalism, and judgment required of and used by counsel; (4) the nature of counsel's practice and injury thereto; (5) any extraordinary pressure of time or other factors

under which services were rendered, and (6) any other circumstances relevant and material to a determination of a fair and reasonable fee.

Regarding the time spent on legal work in the instant case, the adjusted CJA voucher filed by counsel reflects 1.5 hours for arraignment and plea; .3 hours for bail and detention hearings; 1.0 hours for sentencing; .5 hours for other court matters; 25.9 hours for interviews and conferences; 29.7 hours for obtaining and reviewing records; 7.3 hours for legal research and brief writing, and 13.5 hours for investigative and other work, for a total of $10,442.40 billed. At the hearing, counsel explained that his client faced a lengthy prison term and counsel was prepared to go to trial. The decision to plead guilty was the result of a last-minute, very favorable plea offer from the prosecutor. The undersigned finds that the time spent for legal work as reflected on this voucher is reasonable.

The voucher also reflects 39.0 hours of travel time and $1,402.16 in travel expenses for a total of $6,523.16 in travel billings. These costs were incurred because counsel made a number of trips to Key West for court appearances and client meetings. The undersigned finds that the travel expenses in this case were reasonable under the circumstances and counsel should not be required to bear any portion of them.

The adjusted total claim (resulting from the subtraction of .1 hour of time) reflected on the voucher is $16,965.56. This amount exceeds the "cap" for a single case by $6,965.56 primarily as the result of the high cost of travel to Key West. Since there are no CJA attorneys with offices in Key West, these costs were unavoidable. Also, this was a serious case and counsel prepared for trial. Accordingly, the undersigned hereby certifies that this case was "extended" for CJA reimbursement purposes.

## **CONCLUSION**

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that CJA Voucher 133C.0523973 be approved as corrected, with a total payment of $16,965.56.

Counsel for the Defendant will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 29th day of January, 2018.

                                                        LURANA S. SNOW
                                                       UNITED STATES MAGISTRATE JUDGE

Copies to:

Arnaldo J. Suri, Esq.